UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY MAO,<br><br>          Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>          Defendant. | Case No.  1:20-cv-00006-HBK<br><br>ORDER GRANTING AWARD AND PAYMENT OF ATTORNEYS FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT AND MOOTING INITIAL MOTION<br><br>(Doc. Nos.  28, 29) |

Pending before the Court are Plaintiff's initial motion for an award of attorney fees filed pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, with supporting declaration (Doc. No. 28); and the parties' stipulated motion agreeing to a reduced amount of $10,000.00 in attorneys' fees and expenses to Plaintiff's attorney Jonathan O. Peña (Doc. No. 29), filed on June 2 and June 8, 2022, respectively.

On March 4, 2022, this Court granted the Plaintiff's Motion for Summary Judgment and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings.  (Doc. No. 26).  Judgment was entered the same day.  (Doc. No. 27).  Plaintiff now requests an award of fees as the prevailing party.  *See* 28 U.S.C. § 2412(a) & (d)(1)(A); Fed. R. Civ. P. 54(d)(1); *see* 28 U.S.C. § 1920; *cf. Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party).  The Commissioner does not oppose the requested relief.

(Doc. No. 29).

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the Act, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." *Id*. Here, the government did not show its position was substantially justified and the court finds there are not special circumstances that would make an award unjust.

Plaintiff requests an award of $10,000.00 in EAJA fees for 61.95 hours of attorney time. (Doc. No. 28 at 4). The Court finds an award of $10,000.00 is appropriate. EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 532 U.S. 1192 (2010). If the Commissioner determines upon effectuation of this Order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

Accordingly, it is **ORDERED:**

1. Plaintiff's stipulated motion for attorney fees and expenses (Doc. No. 29) is **GRANTED**. Plaintiff's initial motion (Doc. No. 28) is **MOOT**.

2. Commissioner is directed to pay to Plaintiff as the prevailing party EAJA fees in the amount of $10,000.00 in attorney fees and expenses. Unless the Department of Treasury determines that Plaintiff owes a federal debt, the government shall make payment of the fees to Plaintiff's counsel, Jonathan O. Peña, in accordance with Plaintiff's assignment of fees and subject to the terms of the stipulated motion.

Dated:   June 10, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28